# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | Case No. 3:25-CR-51 |
| v. | ) | |
| | ) | JUDGES VARLAN/Poplin |
| DARRIN ALBERT-EUGENE HICKS, | ) | |
| a/k/a "Brownstone" | ) | |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO FILE OUT OF TIME PRETRIAL MOTION (DOC. 50) AND POSITION REGARDING DECEMBER 16 SUPPRESSION HEARING

The United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, hereby responds pursuant to the Court's Order directing the Government to address the Defendant's Motion to File Out of Time Pretrial Motion (Doc. 50) and to state its position regarding whether the Court may proceed with the suppression hearing currently set for December 16, 2025.

### I.    The Government Opposes the Defendant's Motion to File an Untimely *Franks* Motion

The Defendant seeks leave to file a new dispositive motion, an alleged *Franks v. Delaware* challenge, more than two months after the Court's October 6, 2025, pretrial-motions deadline. However, the Defendant offers no basis satisfying Rule 12(c)(3)'s "good cause" requirement for failing to raise this issue earlier.

Rule 12(c)(3) provides: "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).  The Sixth Circuit describes good cause as a "'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017).  "At a minimum, a party must

'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When assessing prejudice, courts consider "all interests in the particular case," including those of the Court and the public. *Id.* at 339 (quoting Advisory Committee Notes to Rule 12(c)(3)). Moreover, "showing cause often requires developing and analyzing facts to assess whether the defendant can justify the late filing . . . and prejudice." *Id.* at 338.

The Defendant asserts only that "during preparation for the December 16th hearing, defense counsel discovered a potential *Franks* issue." (Doc. 50). However, the evidence he now relies upon was not newly discovered; it was provided to defense counsel at the initial appearance on July 23, 2025. The Defendant therefore possessed all information necessary to evaluate any alleged falsity or misleading statement in the affidavit long before the October 6 deadline.

Belated review of discovery or late realization of a potential argument does not constitute good cause under Rule 12(c)(3). The Defendant identifies no new evidence and no external circumstance that prevented timely filing. The failure to raise the issue earlier rests solely with defense counsel, not with any late disclosure by the Government. Because the Defendant has not shown good cause, the Court should deny the request to file an untimely pretrial motion.

## II.     The Court May Proceed with the December 16 Suppression Hearing

Since the only motion properly before the Court is the Defendant's timely-filed Motion to Suppress (Doc. 38), the Government's position is that the Court may proceed with the December 16, 2025, suppression hearing as scheduled.

## III.     In the Alternative, If the Court Grants the Defendant's Untimely Motion

If, however, the Court grants the Defendant's leave to file a *Franks* motion out of time, the Government respectfully requests that the Court vacate the December 16 hearing date. A *Franks*

2

challenge raises distinct factual and legal issues and would require the United States to investigate and prepare a substantive response. The Government cannot adequately respond within the current schedule, and proceeding with the hearing as set would result in undue prejudice.

## IV. Conclusion

For the reasons stated above, the Government respectfully requests that the Court deny the Defendant's Motion to File Out of Time Pretrial Motion (Doc. 50), and proceed with the December 16, 2025, suppression hearing as scheduled. The Government further requests that, if the Court permits the late filing, it vacates the December 16 suppression hearing to allow sufficient time for briefing and preparation.

Respectfully submitted this the 12th day of December 2025.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: /s/ Caroline S. Poore
CAROLINE S. POORE
Assistant United States Attorney
TN BPR #040796
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
Caroline.poore@usdoj.gov

3