IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:25-CR-51-TAV-DCP |
| DARRIN ALBERT-EUGENE HICKS, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Darrin Hicks's Motion to File Out of Time Pretrial Motion [Doc. 50], filed on December 9, 2025. *See* 28 U.S.C. § 636(b). Defendant's deadline for filing pretrial motions expired on October 6, 2025 [*See* Doc. 37]. Defendant requests leave to file a motion under *Franks v. Delaware*, 438 U.S. 154 (1978), challenging the veracity of statements in the affidavit submitted in support of a search warrant for his residence [Doc. 50 p. 1]. As grounds, Defendant asserts that defense counsel did not discover the *Franks* issue until reviewing video footage of aerial surveillance in preparation for a suppression hearing [*Id.*; Doc. 57 p. 1]. He contends that neither the Government nor the Court is prejudiced by the late motion because it can be litigated along with his timely suppression motion [*Id.* at 2].

Despite Defendant's cursory explanation for the untimely filing and the Government's objection, the Court finds no prejudice from the late filing and, thus, good cause to permit the *Franks* motion.

I. **BACKGROUND**

Defendant Hicks is charged with Ny'Kema Chaqueze Williams and unnamed others with conspiring to distribute fifty grams or more of methamphetamine (Count One) and forty grams or more of fentanyl (Count Two) from November 28, 2023, through July 8, 2024 [Doc. 3 pp. 1–2]. Defendants Hicks and Williams are charged with two counts of distributing controlled substances (Counts Four and Five), one count of possession of fentanyl with intent to distribute (Count Fourteen), and one count of possession of firearms in furtherance of drug trafficking (Count Fifteen) [*Id*. at 2–3, 5–6]. Defendant Hicks is also charged with nine counts of distribution of controlled substances (Counts Three and Six through Thirteen) [*Id*. at 2–5]. Several of these charges arise out of the search of Defendant's residence at 204 Lone Holly Lane, New Tazwell, Tennessee, on July 8, 2024, pursuant to a search warrant [Doc. 38 p. 1].

On October 6, 2025, Defendant Hicks filed a timely Motion to Suppress, arguing the affidavit supporting the search warrant fails to provide probable cause in that it establishes no nexus between the residence and criminal activity [Doc. 38 pp. 3–5]. The Government responded in opposition on October 24, 2025 [Doc. 45], and the Court set the matter for a suppression hearing on November 20, 2025. On October 27, 2025, the suppression hearing was reset to December 16, 2025.

On December 9, 2025, Defendant filed a motion for leave to file an untimely *Franks* motion [Doc. 50] and simultaneously filed the proposed *Franks* motion [Doc. 51]. Defendant contends that counsel discovered the *Franks* issue while preparing for the December 16 suppression hearing [Doc. 50 p. 1]. Specifically, Defendant states that while reviewing video footage of aerial surveillance, defense counsel discovered audio communications that "accompanied" the video "established that law enforcement did not have visual surveillance on the defendant as represented

2

in the sworn affidavit in support of the application for the search warrant" [Doc. 57 pp. 1–2]. Defendant argues that the Government is not prejudiced by the motion filed eight weeks after expiration of the motion deadline because the late filing does not "materially change the Government's position or ability to defend against the alleged harm" [*Id*. at 2]. He maintains that the late filing also does not cause unnecessary prejudice to the Court because the issues raised in the proposed motion are intertwined with his timely suppression motion and the motions can be presented at the same hearing [*Id*.].

The Government opposes the late motion arguing Defendant fails to show good cause for the belated filing [Doc. 53 p. 1]. It contends that the evidence upon which Defendant relies for the *Franks* motion is not newly discovered evidence, and, instead, the Government provided the video to defense counsel at the Defendant's initial appearance on July 23, 2025 [*Id*. at 2]. It maintains that "[b]elated review of discovery or late realization of a potential argument does not constitute good cause" [*Id*.]. The Government asks if the Court decides to permit the motion, that it allow time for the Government "to investigate and prepare a substantive response" to the *Franks* motion [*Id*. at 2–3].

On the morning of the December 16 suppression hearing, Defendant asked the Court to continue the hearing because defense counsel was ill [*See* Doc. 55]. Based upon lack of objection by the Government, the undersigned canceled the December 16 hearing, which is now reset for February 17, 2026. Defendant replied to the Government's response [Doc. 57], and the matter is now ripe for determination.

## II. ANALYSIS

Motions seeking suppression of evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). The Court has discretion to permit an untimely motion upon a showing of "good

3

Case 3:25-cr-00051-TAV-DCP   Document 58   Filed 02/04/26   Page 3 of 5   PageID #: 279

cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)). In assessing good cause, the Court reviews and analyzes the facts of each case. *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015).

Here, Defendant's explanation for the untimely filing is defense counsel's late realization of the issue. Despite the meager nature of this explanation, the Court has no indication that Defendant chose to delay filing his *Franks* motion to gain a strategic advantage. *See United States v. Campos*, No. 5:17-CR-55, 2018 WL 1406614, at *3 (E.D. Ky. Feb. 23, 2018) ("The Sixth Circuit rejects improvident strategy as a reason to excuse a tardy defensive motion."), *report & recommendation adopted by* 2018 WL 9802097 (E.D. Ky. Mar. 13, 2018); *see also Walden*, 625 F.3d at 965 (holding that a party who "deliberately decided not to timely file [a] motion to suppress" does not state good cause). Importantly, the undersigned also finds the *Franks* motion may be litigated along with the timely suppression motion, minimizing any potential prejudice from the late motion. On balance, the Court finds that permitting the untimely motion furthers the interest of justice in this case.

### III. CONCLUSION

For the reasons discussed herein, the Court finds good cause for permitting the late *Franks* motion under the particular facts of this case and **ORDERS** as follow :

4

(1) Defendant's Motion to File Out of Time Pretrial Motion [**Doc. 50**] is **GRANTED**. The Court accepts Defendant's Motion to Determine Validity of Search Warrant Based on *Franks v. Delaware* [Doc. 51] as timely filed;

(2) the Government shall file a response to Defendant's *Franks* motion [Doc. 51] on or before **February 13, 2026**; and

(3) the Court will hear Defendant's *Franks* motion at the suppression hearing set for **February 17, at 10 a.m.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge