UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-51-TAV-DCP |
| | ) | |
| DARRIN ALBERT-EUGENE HICKS, and | ) | |
| NY'KEMA CHAQUEZE WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Darrin Hicks's Motion to Continue Trial [Doc. 80], filed on July 9, 2026.

Defendant Hicks asks to continue the August 11, 2026 trial date; the July 10, 2026 plea deadline; and other related deadlines [*Id.* ¶ 1]. As grounds, Defendant contends that counsel needs time to complete litigation of his motions to suppress evidence [*Id.* ¶¶ 2–3]. He asserts that the parties completed post-hearing briefing on his pending suppression motions on April 7, 2026 [*Id.* ¶ 2]. Defendant asks the Court to continue the trial for at least sixty days to allow time to "make a full resolution of the case" [*Id.* ¶ 4]. The motion relates that Defendant discussed his speedy trial rights with counsel and understands that all time between the filing of the motion and the new trial date is excluded from the speedy trial calculation [*Id.* ¶ 5].

The Government responded that it does not oppose Defendant Hicks's motion [Doc. 83]. Codefendant Ny'Kema Williams responded that she is aware of her speedy trial rights and does not oppose Defendant Hicks's motion [Doc. 81].

Based upon the information in the motion and with the agreement of all parties, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, Defendant Hicks filed motions to suppress evidence on October 6, 2025 [Doc. 38] and December 9, 2025 [Doc. 51 (*Franks* motion)]. On February 17, 2026, the undersigned held a hearing on Defendant Hicks's suppression motions and directed post-hearing briefing, which concluded on April 7, 2026, and the undersigned has the motions under advisement. *See id.* § 3161(h)(1)(D), -(H). Once the undersigned enters a report and recommendation on the motions, the parties will need time to file objections and responses to objections, and the District Judge will need time to rule on the motions considering the report and recommendation and the parties' filings. *See id.* § 3161(h)(1)(H). Additionally, the Court finds that counsel for all parties will need time to prepare for trial after receiving the Court's rulings on the motions. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the August 11, 2026 trial date.

The Court therefore **GRANTS** Defendant Hicks's unopposed Motion to Continue Trial [**Doc. 80**]. The trial of this case is reset to **October 27, 2026.** A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing motion to continue on July 9, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

2

Accordingly, the Court **ORDERS** as follows:

(1)  Defendant Hicks's unopposed Motion to Continue Trial [**Doc. 80**] is **GRANTED**;

(2)  the trial of this matter is reset to commence on **October 27, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)  all time between the filing of Defendant Hicks's motion to continue on **July 9, 2026**, and the new trial date of **October 27, 2026,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 28, 2026**;

(5)  the parties are to appear before the undersigned for a final pretrial conference on **October 13, 2026, at 11:00 a.m.**;

(6)  the deadline for filing motions *in limine* is **October 9, 2026,** and responses to motions *in limine* are due on or before **October 20, 2026**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 16, 2026.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3