UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-51-TAV-DCP |
| DARRIN ALBERT-EUGENE HICKS, Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Darrin Hicks's pro se request raising alleged problems with the attorney-client relationship [Doc. 95], filed on October 7, 2026, and docketed as a motion on October 9, 2026. Appointed defense counsel Assistant Federal Defender Benjamin G. Sharp filed a Motion to Review Appointment of Counsel [Doc. 96] on October 13, 2026.

In the pro se motion, Defendant requests "appropriate relief" because he feels defense counsel's representation as "f[allen] below the level of reasonably effective counsel" [Doc. 95 p. 1]. He claims that counsel has not communicated important decisions in this case adequately and his trust in counsel is "irreparably broken" [*Id.*]. He also questions counsel's investigation of the case and "pursuit of meritorious defenses" [*Id.*]. Defense counsel contends that he met with Defendant on the pro se motion, and Defendant continues to request the appointment of new counsel [Doc. 96 p. 1]. Counsel "believes the attorney/client relationship is irreparably damaged in its current state" [*Id.*]

The parties appeared before the Court for a hearing on the motion on October 15, 2026. Assistant United States Attorney Alan S. Kirk appeared on behalf of the Government. Assistant

Federal Defender Benjamin G. Sharp appeared on behalf of Defendant, who was also present. Attorney Robert R. Kurtz was also present at the Court's request.

At the motion hearing, the Government confirmed that it had no position on the matter. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that the responses of Mr. Sharp and Defendant to the Court's inquiries reasonably satisfy the Court that there are sufficient grounds to substitute counsel based on a strained relationship, which has compromised defense counsel's ability to defend Defendant and render effective assistance of counsel. Good cause therefore exists for substitution of counsel.

Accordingly, the Court **GRANTS** counsel's Motion to Review the Appointment of Counsel [**Doc. 96**] and Defendant's pro se motion for substitution of counsel [**Doc. 95**]. Assistant Federal Defender Sharp and the Federal Defender Services of Eastern Tennessee ("FDSET") are **RELIEVED** as counsel of record for Defendant. Attorney Robert R. Kurtz agreed to accept representation of Defendant at the hearing.[1] The Court **SUBSTITUTES and APPOINTS** Attorney Robert R. Kurtz under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** Assistant Federal Defender Sharp to provide discovery and information from Defendant's file to Attorney Kurtz.

Accordingly, the Court **ORDERS**:

(1) Defendant's pro se motion for substitute counsel [**Doc. 95**] and defense counsel's Motion to Review the Appointment of Counsel [**Doc. 96**] are **GRANTED**;

(2) Assistant Federal Defender Benjamin G. Sharp and FDSET are **RELIEVED** of further representation of Defendant; and

[1] At the hearing, Attorney Kurtz noted that he had a conflict with the scheduled January 12, 2027 trial date in this matter.

(3) Attorney Robert R. Kurtz is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge